**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IFE SHANI CHATMAN, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| KATHY SEABOLT, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:13-CV-1543-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S ORDER**
**AND FINAL REPORT AND RECOMMENDATION**

Petitioner, Ife Shani Chatman, challenges via 28 U.S.C. § 2241 the October 2012 revocation of her probationary term, which was imposed for her Douglas County convictions for forgery and identity crimes, criminal action number 07cr01183.[1] (Doc. 5). The matter is before the Court on the amended petition, (id.), Petitioner's motion for case assistance, (Doc. 9), and Respondent's motion to dismiss for lack of exhaustion, (Doc. 11). For the reasons stated below, it is recommended that Respondent's motion to dismiss be granted and that the petition be dismissed without prejudice.

---

[1]Petitioner's amended petition, (Doc. 5), replaces and supersedes her earlier filed petitions. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (stating that under federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").

I.  **Discussion**

On October 17, 2012, the Douglas County Superior Court revoked Petitioner's probationary sentence in criminal case number 07CR01183. (Doc. 12, Resp't Ex. 1 at 61). On March 4, 2013, the court denied Petitioner's motion to file an out-of-time appeal. (Id. at 69). On April 19, 2013, the court denied Petitioner's second motion to file an out-of-time appeal. (Id. at 75).

Petitioner now seeks to challenge in federal court the above revocation decision. (Doc. 5). Respondent states that it does not appear that Petitioner has sought state habeas corpus relief, that Petitioner still has the option of seeking such relief, and that lack of exhaustion requires that this action be dismissed to give the state courts an opportunity to act on Petitioner's claims.[2] (Doc. 11, Br. at 3-5). Petitioner has not responded. See LR 7.1 B., NDGa; Fed. R. Civ. P. 6(d).

Pursuant to 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). A district court, however, may not grant a petition for a writ of habeas corpus unless "(A)

---

[2]Georgia law generally requires that a state habeas corpus petition be filed within four years of a challenged felony sentence. O.C.G.A. § 9-14-42(c).

2

the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must present his claims, on direct appeal or collateral review, to the highest state court of review according to that state's appellate procedure. Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010), cert. denied, _ U.S. _, 131 S. Ct. 2175 (2011). Generally, if a federal petitioner has not exhausted all of his claims, the district court should dismiss the federal petition without prejudice to allow exhaustion. Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (2007) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)).

Petitioner has raised claims that she has not raised and exhausted in state court, either on direct review or in state habeas corpus proceedings. Further, Respondent has raised the affirmative defense of lack of exhaustion. See Ali v. State of Florida, 777 F.2d 1489, 1490 (11th Cir. 1985) (holding that when the petitioner has not exhausted available state remedies and the state asserts lack of exhaustion as a defense, dismissal is proper). Accordingly, it is recommended that Respondent's motion to dismiss be granted.

**II.     Certificate of Appealability ("COA")**

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).  A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate."  Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir. 2009) (citing Miller-El v. Cockrell, 537 U.S. 322, 337, 342 (2003)).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows

4

both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because based on the record before the Court it is not debatable that Petitioner has not exhausted available state remedies. If the Court adopts this recommendation and denies a COA, Petitioner is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

**IT IS ORDERED** that Petitioner's motion for case assistance, (Doc. 9), is **DENIED** as moot.

**IT IS RECOMMENDED** that Respondent's motion to dismiss, (Doc. 11), be **GRANTED** and that the petition, as amended, (Doc. 5), be **DISMISSED** without prejudice for failure to exhaust state remedies.

AO 72A
(Rev.8/82)

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED**, **RECOMMENDED**, **and DIRECTED** this 12th day of September, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)