**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IFE SHANI CHATMAN,

                    Petitioner,

      v.                                           **1:13-cv-1543-WSD**

KATHY SEABOLT,

                    Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Janet F. King's Order and

Final Report and Recommendation [13] ("R&R") on Respondent's Motion to

Dismiss the Petition for Lack of Exhaustion [11] ("Motion to Dismiss").

## I.    BACKGROUND[1]

On October 17, 2012, the Superior Court of Douglas County, Georgia

revoked the probationary sentence of Petitioner Ife Shani Chatman ("Petitioner"),

---

[1] The facts are taken from the R&R and the record.  The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that "[b]ecause [Plaintiff-Appellant] did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings" (emphasis in original)).

who had been convicted in state court on charges of various forgery and identity crimes.  (R&R at 1-2.)  On March 4, 2013, the state court denied Petitioner's motion to file an out-of-time appeal of the revocation.  (Id.)  On April 19, 2013, the state court denied Petitioner's second motion to file an out-of-time appeal.  (Id.)

On May 3, 2013, Petitioner submitted a letter to this Court, which the Court has construed as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. On June 25, 2013, Magistrate Judge King ordered Petitioner to amend her petition to include (i) a clear caption as an amendment to her initial complaint, (ii) the date of the probation revocation order she is challenging, (iii) any petition, application, or motion that she has filed in regard to the probation revocation order, and the disposition of those proceedings, and (iv) each ground on which she seeks relief and the facts that support each ground.  On July 2, 2013, Petitioner filed her first amended petition [4].  On July 9, 2013, Petitioner filed a second amended petition [5].

On August 23, 2013, Respondent Kathy Seabolt ("Respondent") filed her Motion to Dismiss for lack of exhaustion.  Petitioner did not file a response in opposition to the Motion.

On September 12, 2013, the Magistrate Judge issued her R&R, recommending that Respondent's Motion to Dismiss be granted, and that

Petitioner's action be dismissed without prejudice, because Petitioner has not exhausted her available state court remedies.  The Magistrate Judge further recommends that a certificate of appealability not be issued, because reasonable jurists could not disagree that the Petition should be denied for lack of exhaustion.[2]

On September 18, 2013, and September 23, 2013, Petitioner submitted her Objections [15, 16] to the R&R, arguing that exhaustion of available state court remedies is not a prerequisite to federal habeas relief.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay,

---

[2] The Magistrate Judge further ordered that Petitioner's Motion for Case Assistance [9] be denied as moot.

714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.     Analysis

1.     *Respondent's Motion to Dismiss*

Petitioner objects to the Magistrate Judge's recommendation that Respondent's Motion to Dismiss be granted, because she contends exhaustion of available state court remedies is not necessary prior to filing a federal habeas petition.

Under federal law, "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A)-(B).

To exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010) (quoting Boerckel, 526 U.S. at 845).

A detainee in Georgia may seek a writ of habeas corpus to challenge the legality of her confinement.  See O.C.G.A. § 9-14-1(a) ("Any person restrained of

his liberty under any pretext whatsoever . . . may seek a writ of habeas corpus to inquire into the legality of the restraint."). Georgia permits a petitioner, whose habeas petition is not granted, to appeal the denial of habeas relief. See O.C.G.A. § 5-6-34(a)(7).

The Magistrate Judge determined Petitioner raised claims that she did not raise and exhaust in state court, either on direct review or in state habeas corpus proceedings. Petitioner thus has state court remedies still available to her. Petitioner did not object to this finding. Petitioner must exhaust her state court remedies before the Court can grant federal habeas relief under § 2254. See Ali v. State of Fla., 777 F.2d 1489, 1490 (11th Cir. 1985) (affirming dismissal of federal habeas petition "[b]ecause it is clear that the state is asserting exhaustion as a defense, and because it is clear that [the petitioner] did not exhaust available state remedies"). Upon *de novo* review of the objection to the Magistrate Judge's recommendation, the Court adopts the Magistrate Judge's conclusion that Respondent's Motion to Dismiss for lack of exhaustion is required to be granted. Defendant's objection is overruled.

2.    *Certificate of Appealability*

The Magistrate Judge determined that reasonable jurists could not disagree that Petitioner's habeas Petition is required to be dismissed based on lack of

exhaustion.  The Magistrate Judge thus recommends that a certificate of appealability is not warranted, and the Court finds no plain error in this recommendation.  See Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (noting that, when a habeas petition is dismissed on procedural grounds, "without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim . . . *and* . . . whether the district court was correct in its procedural ruling").

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Janet F. King's Final Report and Recommendation [13] is **ADOPTED**, and Respondent's Motion to Dismiss the Petition for Lack of Exhaustion [11] is **GRANTED**.  Petitioner's action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 27th day of March, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE